[Cite as *In re A.L.*, 2015-Ohio-3735.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| A.L., MINOR CHILD | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| | Case No. 2015CA00103 |
| | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2014JCV00415 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 14, 2015 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellee | For Appellant |
| BRANDON J. WALTENBAUGH<br>Stark County JFS<br>300 Market Avenue North<br>Canton, Ohio 44702 | LAWRENCE SPOLJARIC<br>Stark County Public Defender Office<br>200 West Tuscarawas st., Suite 200<br>Canton, Ohio 44702 |

*Hoffman, P.J.*

{¶1}　Appellant Darren Lichtenwalter ("Father") appeals the April 30, 2015 Judgment Entry and the April 30, 2015 Findings of Fact and Conclusions of Law entered by the Stark County Court of Common Pleas, Family Court Division, which terminated his parental rights, privileges, and responsibilities with respect to his minor daughter, and granted permanent custody of the child to appellee Stark County Department of Job and Family Services ("SCDJFS").

STATEMENT OF THE CASE AND FACTS

{¶2}　Father is the biological father of A.L. (dob 4/26/2014).　Father is incarcerated in Lake Erie Correctional Institution, and is not scheduled to be released until November, 2019.　On April 29, 2014, SCDJFS filed a complaint alleging A.L. was a neglected and dependent child, and seeking temporary custody of the infant.

{¶3}　The trial court conducted an emergency shelter care hearing on April 30, 2014, and found probable cause for the involvement of SCDJFS.　The trial court awarded emergency temporary custody of A.L. to SCDJFS, and re-affirmed pre-adjudicatory orders for Father to complete a parenting evaluation, drug and alcohol assessments and follow all recommendations resulting therefrom, and submit to urine drug screens.　The trial court appointed Mary Warlop as guardian ad litem for A.L.

{¶4}　On July 2, 2014, the trial court adjudicated A.L. a dependent child and placed her in the temporary custody of SCDJFS. The trial court conducted review hearings every six months.　On March 17, 2015, SCDJFS filed a motion for permanent custody.

**{¶5}** The trial court conducted a hearing on the motion on April 28, 2015. Kristin Lichtenwalter, mother of A.L., stipulated to permanent custody and relinquished all parental rights to the child.

**{¶6}** Cheri Vandeborne, the on-going caseworker assigned to the matter, testified Father has four other children who are in the legal custody of their maternal grandmother. Father has not had any involvement in A.L.'s life. He was incarcerated prior to her birth, and is not due to be released until November 10, 2019. Father is not currently, nor will he be in the near future, in a position to assume custody of A.L. Vandeborne explained SCDJFS became involved due to the family's history of agency involvement. She noted Father has an extensive criminal history and has been incarcerated on and off for lengthy periods of time during his life. Father has never met A.L. or even seen a picture of her. Father has never contacted the child, and never expressed an interest to SCDJFS in having contact with her. Father did not provide any financial support for A.L. Vandeborne noted Father's criminal activity was an issue in the cases involving his four other children.

**{¶7}** Vandeborne also testified regarding best interest. A.L. is a healthy baby with no medical needs or developmental delays. A.L. is in a foster home with a half-brother. She is bonded with her foster parents and her half-sibling. The home is very appropriate. Although a relative in California requested placement and the placement was approved, SCDJFS determined it was more appropriate for A.L. to stay with her half-sibling in a home she has been since her birth.

**{¶8}** Mary Warlop, guardian ad litem for A.L., testified the girl is placed in a foster home with her half-brother. She is bonded with her foster family, and the family

wishes to adopt her. Warlop noted the foster home is the only home the child had ever known.

{¶9}    Via Findings of Fact and Conclusions of Law filed April 30, 2015, the trial court found A.L. could not be placed with Father within a reasonable time, A.L. was an abandoned child, and a grant of permanent custody was in her best interest.  The trial court terminated Father's parental rights, privileges, and responsibilities, and granted permanent custody of the A.L. to SCDJFS via Judgment Entry also filed April 30, 2015.

{¶10} It is from this judgment entry Father appeals, raising the following assignments of error:

{¶11} "I. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF A.L. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES.

{¶12} "A. THE DETERMINATION THAT REASONABLE EFFORTS TO ASSIST THE PARENT TO COMPLETE THE CASE PLAN AND THE DEPARTMENT USED REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} "II. THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF A.L. TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶14} This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

I

{¶15} In his first assignment of error, Father asserts the trial court erred in granting permanent custody of A.L. to SCDJFS. Specifically, Father maintains the trial court's determination SCDJFS used reasonable efforts to assist him in completing the case plan and to prevent the removal of the child was against the manifest weight of the evidence. Father further argues the trial court's finding he abandoned A.L was against the manifest weight and sufficiency of the evidence.

{¶16} Except for a few narrowly defined statutory exceptions, R.C. 2151.419 requires a children services agency to make reasonable efforts to reunify a family prior to the termination of parental rights. *In re C.F.,* 113 Ohio St.3d 73, 2007–Ohio–1104, ¶ 21. The children services agency shall have the burden of proving that it made those reasonable efforts. R.C. 2151.419(A)(1). While the court is not required to make a reasonable efforts determination at a hearing on a permanent custody motion, this finding must have been made at other stages of the child-custody proceeding. *In re C.F.* at ¶ 42. In this case, the trial court made reasonable efforts findings prior to the hearing on the permanent custody motion.

{¶17} "In determining whether the agency made reasonable efforts to prevent the removal of the child from the home, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute." *In re K.L.,* 12th Dist. Clermont No. CA2012–08–062, 2013–Ohio–12, ¶ 18, citing *In re K.M.,* 12th Dist. Butler No. CA2004–02–052, 2004–Ohio–4152, ¶ 23. "Reasonable efforts" does not mean all available efforts. Otherwise, there would always

be an argument that one more additional service, no matter how remote, may have made reunification possible. *In re K.L.,* supra, at ¶ 18.

{¶18} Because the trial court determined Father abandoned A.L., SCDJFS was not required to make reasonable efforts. See, R.C. 2151.419(2)(d).  Nonetheless, Father was unable to make any progress on his case plan due to his incarceration. Father's own actions, not a lack of reasonable effort on the part of SCDJFS, were the cause of his losing permanent custody of his daughter.

{¶19} We now turn to Father's argument the trial court's finding he abandoned A.L. was against the manifest weight of the evidence.

{¶20} According to R.C. 2151.011(C), "for the purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."

{¶21} We find the trial court's finding of abandonment was not against the manifest weight of the evidence.  A.L. was born on April 26, 2014.  SCDJFS filed its motion for permanent custody on March 17, 2015.  A period of more than ninety days had lapsed, and Appellant made no attempt to visit or contact the child.

{¶22} Based upon the foregoing, Father's first assignment of error is overruled.

## II, III

{¶23} We elect to address Father's second and third assignments of error together. In his second assignment of error, Father maintains the trial court erred in granting permanent custody of A.L. to SCDJFS as the court's determination A.L. could not be placed with him within a reasonable time was against the manifest weight. In his

third assignment of error, Father contends the trial court's finding an award of permanent custody was in the best interest of A.L. was against the manifest weight and sufficiency of the evidence.

**{¶24}** As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* Stark App. No. CA5758 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶25}** R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

**{¶26}** Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody

of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶27} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶28} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶29} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the

factors enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

**{¶30}** As set forth in our statement of the facts and case, supra, we find there was sufficient competent, credible evidence Father failed to remedy the problems which initially caused the removal of the child from the home.  Father was incarcerated, and was not scheduled to be released until November, 2019.  Father had made no attempt to obtain services while in prison.  Father had a long history of criminal activity and incarceration.  Father had failed to complete case plan services in prior cases involving his four other children.

**{¶31}** With respect to the best interest finding, the evidence revealed A.L. was doing well in foster care.  She was placed in a foster home with a half-sibling and had been with the family since her birth.  The girl was bonded with her foster parents and her half-brother.

**{¶32}** Based upon the foregoing, we find the trial court's findings A.L. could not be placed with Father within a reasonable time, and an award of permanent custody was in the child's best interest were not against the manifest weight of the evidence and were based upon sufficient evidence.

**{¶33}** Father's second and third assignments of error are overruled.

{¶34} The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur